O’Gorman, J.
The rights and obligations of the parties to this action must be governed by the terms of the written agreement between them.
The parol testimony offered on behalf of the defendants, as adding to or affecting the meaning of that agreement and admitted conditionally by the court must be rejected. Corse v. Peck, 102 N. Y, 515.
By the terms of that written agreement, the plaintiff Clark contracted to manufacture certain material supplied him by the defendants into “ available phosphoric acid.” There is nothing in that agreement providing that the phosphoric acid, when thus manufactured, should possess any quality other than that meant and described by the word, “ available.”
On delivery by plaintiff to defendants of the phosphoric acid, when thus manufactured by him, defendants sold it to a firm doing business in Bedford, Massachusetts, at a price agreed on between them. This firm, on *561 examination of the phosphoric acid, refused to take it at the agreed price, on the ground that it was not equal in quality to a sample shown them, and was inferior in character. Subsequently, however, they agreed to take it on a reduction of the price, and did take it, and paid for it the price as reduced. This reduction of price was made with the assent of both the plaintiff and the defendants.
Jacob F. Miller, for appellants.
Hugh A. McTernan, for respondent.
This sale of the phosphoric acid is sufficient proof that it was “ available ” for one at least of the chief purposes for which the parties plaintiff and defendant made their agreement.
There is no evidence that the inferiority in the phosphoric acid as manufactured by the plaintiff was the result of any negligence on-his part. On the contrary, it appears that its inferiority was the result of inherent defects in the condition of the material itself, before the process of its manufacture into phosphoric acid was applied.
The loss caused by the reduction in the selling price should, in my opinion, have been borne jointly by the plaintiff and the defendants, in proportion to the amounts invested by each of them, and such was, I think, the manifest intention of the written agreement be-o tween them.
The plaintiff should, therefore, have judgment in his favor granting him the relief demanded in his complaint, with costs.
Per Curiam.
The reason assigned by the trial judge for refusing to dismiss the complaint was erroneous, but the ruling was correct. The action was for an accounting and the record shows that the counterclaim to which the plaintiff made no reply, was allowed to the defendants in the computation of the amount for which the *562 plaintiff had judgment. ■ As to the merits, the opinion delivered by the learned judge at special term is correct. The record discloses no error and upon the whole case it appears that substantial justice has been done.
Judgment affirmed with costs.